CHARLES CARROLL, Chief Judge.
These consolidated appeals were taken separately by the parties from a judgment entered in an action brought by Crompton-Richmond Co., Inc., against two guarantors of the merchandising account of G & H of Miami, Inc. The plaintiff was a factor, to whom the accounts receivable had been assigned by the seller, Jerry’s Fabrics.
The appellants in Case No. 67-414, Stanley Haves and Max Forman, pursuant to the guaranty agreement, served notice of termination of the guaranty on April 2, 1965. At that time G & H of Miami, Inc., hereinafter referred to as G & H, was indebted to the seller for $2,811.92 for prior purchases to which the guaranty agreement was applicable.
After the notice of termination by the guarantors, G & H paid $1,000.00 on its account. That partial payment was made as an incident to negotiations by G & H with Jerry’s Fabrics for an extension of credit for further purchases of goods.
In appeal No. 67-414 the appellants Haves and Forman do not contest the judgment against them for $2,811.92 for an indebtedness owed prior to the termination of the guaranty, but they contend the trial court was in error in not crediting to the above prior indebtedness the $1,000.00 paid after the termination of the guaranty. No error was committed in that respect. As pointed out below, the $1,000.00 payment was made as a part of the subsequent *873 arrangements for additional delivery of goods in May of 1965.
Appeal No. 67-483 was taken by Crompton-Richmond Co., Inc. from the summary judgment in favor of the defendant guarantors on the claim of $8,712.02 for goods delivered on May 25, 1965. The record reveals that after notice of termination of the guaranty the seller refused to make delivery because of the prior unpaid indebtedness. Thereafter, the delivery was made not in reliance on the original guaranty, but on the basis of a new arragement between the seller and the purchaser, to wit: upon the purchaser paying $1,000.00 and delivering to the seller two post dated checks which aggregated the above sum.
For the reasons stated the judgments appealed from in the two above numbered appeals are affirmed.